SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant
Ralphs Grocery Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jamie Torres,<br><br>            Plaintiff<br><br>      v.<br><br>Ralphs Grocery Company, an Ohio corporation; and Does 1-10,<br><br>            Defendants. | Case No. 2:24-cv-03906-MEMF-SK<br>Honorable Maame Ewusi-Mensah<br>Courtroom 8B<br><br>**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed:   May 9, 2024<br>Trial Date:     None Set |

Defendant Ralphs Grocery Company ("Defendant"), in answer to Plaintiff Jamie Torres's (hereinafter "Plaintiff") Complaint, responds as follows:

## I.  PARTIES

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6. In response to Paragraph 6 of the Complaint Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## II.  JURISDICTION AND VENUE

7. In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.   In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

### III.   FACTS

10.   In response to Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

11.   In response to Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12.   In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13.   In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

14.   In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15.   In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16.   In response to Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

17.   In response to Paragraph 17 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

18. In response to Paragraph 18 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

19. In response to Paragraph 19 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

21. In response to Paragraph 21 of the Complaint, Defendant denies each and every allegation.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23. In response to Paragraph 23 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

24. In response to Paragraph 24 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

25. In response to Paragraph 25 of the Complaint Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

26. In response to Paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

27. In response to Paragraph 27 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

28. In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29. In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30. In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FIRST CAUSE OF ACTION

Violation Of The Americans With Disabilities Act Of 1990

(42 U.S.C. §12101, *et seq.*)

(Against all Defendants)

31. In response to Paragraph 31 of the Complaint, Defendant incorporates its responses from paragraphs 1-30.

32. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

35. In response to Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36. In response to Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37. In response to Paragraph 37 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

38. In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39. In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40. In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41. In response to Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42. In response to Paragraph 42 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## SECOND CAUSE OF ACTION
Violation of the Unruh Civil Rights Act

(California Civil Code §51 *et seq*.)

(Against All Defendants)

43. In response to Paragraph 43 of the Complaint, Defendant incorporates its responses from paragraphs 1-42.

44. In response to Paragraph 44 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation..

45. In response to Paragraph 45 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

46. In response to Paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

47. In response to Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

48. In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation.

49. In response to Paragraph 49 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

50. In response to Paragraph 50 of the Complaint, Defendant denies each and every allegation.

51. In response to Paragraph 51 of the Complaint, Defendant denies each and every allegation.

52. In response to Paragraph 52 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses against all of Plaintiff's claims and causes of actions.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. Plaintiff lacks standing to pursue her alleged claims.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3. Plaintiff's claims are barred to the extent that they are based on visits to the subject facility more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. § 335.1; *see*, *e.g.*, *Californians for Disability Rights, Inc. v. California Dept. of Transp.*, 2009 WL 2982840, *1 (N.D. Cal. 2009) (California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California).

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4. The purported architectural barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

## FIFTH AFFIRMATIVE DEFENSE

(Removal of Architectural Barriers Was Not Readily Achievable)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account all of the statutory factors identified in 42 U.S.C. 12181(9).

**SIXTH AFFIRMATIVE DEFENSE**

(Full Compliance is Structurally Impracticable)

6. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

**SEVENTH AFFIRMATIVE DEFENSE**

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

7. Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible. 28 C.F.R. § 36.402.

**EIGHTH AFFIRMATIVE DEFENSE**

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function is Disproportionate to the Cost of the Overall Alteration)

8. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

**NINTH AFFIRMATIVE DEFENSE**

(Defendant Provided Services Via Alternative Methods)

9. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability

by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
(Good Faith Reliance Upon Local Building Authorities)

10. Plaintiff's Complaint and each claim alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the property at issue.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

11. Plaintiff's claims are barred under the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE
(Undue Burden)

12. Insofar as Defendant has not made alterations to the facility at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

13. Plaintiff failed to properly mitigate her alleged damages and therefore is precluded from recovering those alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Indispensable Party)

14. Plaintiff's alleged claims are barred, in whole or in part, because of Plaintiff's failure to name an indispensable party or parties.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Fundamental Alteration)

15. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

16. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Mootness)

17. Plaintiff's claims are barred under the doctrine of mootness.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Dimensional Tolerances)

18. Plaintiff's claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

### NINETEENTH AFFIRMATIVE DEFENSE
(Equivalent Facilitation)

19. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE
(Technically Infeasible)

20. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the

Complaint would be technically infeasible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

21.     Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices and/or procedures to accommodate Plaintiff's alleged disabilities, but Plaintiff never sought nor requested any such modifications.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff take nothing by way of his Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

Dated:  June 4, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Michael J. Chilleen*
MICHAEL J. CHILLEEN
Attorneys for Defendant
Ralphs Grocery Company

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

Dated: June 4, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Michael J. Chilleen
MICHAEL J. CHILLEEN
Attorneys for Defendant
Ralphs Grocery Company